DELORES BERNARDONI, Plaintiff-Appellant, *v.* ERNEST M. JOHNSON, Defendant-Appellee.

(No. 74-204;

Third District—May 29, 1975.

STOUDER, J., specially concurring.

Kevin Kelly, of La Salle, for appellant.

Hupp & Irion, of Ottawa (George Hupp, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Delores Bernardoni petitioned this court for leave to appeal an order of La Salle County Circuit Court which granted defendant Ernest M. Johnson a new trial on the issue of damages only in an action resulting from an automobile collision. The jury found against defendant and returned a verdict of $45,000. The trial court, pursuant to motion, ordered a new trial on the issue of damages only.

After briefs were filed on the petition for leave to appeal as well as answer thereto, the parties requested that we consider such briefs not only on the advisability of granting the petition but also on the merits of the appeal itself, if the petition were granted. We have granted the petition for leave to appeal, and now proceed to a consideration of the issues raised in the petition and answer thereto.

From the record it is apparent that about 2 P.M. on September 10, 1972, plaintiff came to a stop in her motor vehicle at the intersection of U.S. Route 51 and Shooting Park Road in Peru, Illinois, in obedience to a stop sign at such intersection. Defendant was unable to stop, and ran into the rear of plaintiff's automobile and knocked it forward about 15 feet. Plaintiff, age 23, was the mother of two children and was pregnant at the time of the accident. She complained of back pains to the investigating officer and was sent to a hospital. Her physician, Dr. Lucas, examined her back and found some tenderness, but released her the following day.

Plaintiff testified that she began experiencing a severe burning pain in her lower back immediately following the accident and that it grew progressively worse. She said that she mentioned it to Dr. Lucas on subsequent occasions, although she never made a visit for that specific purpose. Dr. Lucas had no record of such complaints nor did he recall any. As far as the record discloses there was no adverse effect on the pregnancy.

In February 1973, 5 months after the accident, plaintiff visited Dr. Doyle at the suggestion of her attorney, Dr. Doyle also examined her on two occasions about a year later, just prior to the trial. The doctor testified as to plaintiff's inability to move her legs in a normal full range of motion without pain; to tenderness in the lower back area; to muscle weakness and difficulty in moving around. He stated, however, that her

reflexes were normal and that she could make many movements without experiencing pain. Dr. Doyle was of the opinion that the problems he observed stemmed from the accident and were the result of what he diagnosed as an episacroiliac—a fatty tumor in the lower back. The doctor stated that major surgery would correct the problems by excising the tumor. He pointed out, however, that the diagnosis might be inaccurate and that the problem could be incurable. Without surgery, she stated, the condition of the plaintiff was of a permanent nature.

Plaintiff testified also that she injured her back in an accident in 1966, when she was 15 years old and that she was involved in a minor car accident in 1968. She said, however, that she worked during and after these periods of time as a waitress and as a nurse's aide, and was very active in athletic programs, all without incident. She also had two uneventful pregnancies during those years.

Plaintiff also testified that after the accident in question, the back pains have impaired her mobility and interfered with her ability to do her housework and perform her job as a waitress. She stated she had sensations of pain when she lay down and, also, when she was sitting or standing for long periods of time. She also felt pain when she lifted things. She said the pain involved while she was lying down interfered with sexual relations with her husband. She also testified to feeling pain while undertaking such activities as bowling, which she did previously without any problem. The medical bills for plaintiff were shown to be only $124. Damage to the automobile is not shown specifically of record but apparently was not extensive. There was no evidence presented as to any possible lost wages.

After the jury had returned a verdict of $45,000, defendant submitted a post-trial motion which, in the alternative, requested a new trial on the issue of damages only. The court granted that request and stated:

> "Upon consideration of the trial evidence heard, the arguments of counsel, and upon the careful study of the transcript of Dr. Bernard Doyle's testimony, it is the finding of the Court that the verdict is not supported by the evidence, is grossly excessive, shocks the conscience of the Court, and far exceeds a fair and reasonable compensation to the plaintiff for her injuries."

The issue before us concerns specifically, whether the court properly exercised its discretion in granting defendant a new trial on the question of damages. Plaintiff argues that the assessment of damages is a jury function and should not be set aside where there is a basis in the record for the jury's verdict. Defendant, however, contends that the trial court's new trial order should not be reversed unless there is an abuse of discretion. Defendant also points out that much deference should be given

to the decision of the trial court in granting a new trial, provided there is a basis in the record for the court's decision, and that, if so, it should not be reversed on appeal.

Normally the question of damages is primarily one for the jury. (*Flynn v. Vancil* (1968), 41 Ill.2d 236, 240, 242 N.E.2d 237.) The function of the jury is to weigh the conflicts and discrepancies in the evidence; to determine, if the testimony of witnesses is credible, in whole or in part; and to draw the ultimate conclusions of fact (*Dunlavey v. Patti* (3rd Dist. 1967), 79 Ill.App.2d 442, 446, 223 N.E.2d 858). As stated in the *Dunlavey* case:

> "The trial court cannot substitute its inferences and conclusions of fact for those drawn by the jury if those drawn by the jury find reasonable support in the evidence  *  *  *." (79 Ill.App.2d 442, 446.)

Where the damages assessed by a jury, however, are deemed to be so unreasonable as to indicate passion or prejudice, the trial court, in its discretion, may order a new trial. As stated in *Klatt v. Commonwealth Edison Co.* (1965), 33 Ill.2d 481, 494, 211 N.E.2d 720:

> "*  *  *  it must be remembered that the trial court, in reaching a determination to award a new trial, is vested with discretion, and absent a clear abuse thereof, its decision should not be disturbed on appeal."

To the same extent that it would be an abuse of discretion for a trial judge to order a new trial for the sole reason that he would have made different inferences and decided the case differently than the jury has if he were the trier of fact, it is also true that it would be improper for a court of review to reverse an order granting a new trial for the sole reason that we would have denied the new trial motion had we been sitting at the trial court level. We, therefore, should consider specifically whether or not the trial court abused its discretion in the cause on appeal on the facts of the particular case. That situation, is also, to be distinguished, in some respects, from one where the question raised on appeal is on the sole issue of whether the damages are excessive or inadequate. We also note that it is difficult to fix the precise dollar value of compensation for a personal injury, particularly where the award is based principally on pain or suffering.

In the cause before us, injuries shown at the trial involved some loss of dexterity and some pain associated with fairly common movements such as lying down. Dr. Doyle testified that it would take major surgery to correct the condition, if at all. Plaintiff, however, admitted she continued her job as a waitress, though it was with some difficulty. She did not complain of the condition to her own doctor to any great extent.

According to Dr. Doyle she could make most normal movements of her legs without pain, and, also, according to the testimony of Dr. Doyle, if his diagnosis of a lipoma was correct, surgery could remove the difficulty. In view of the small amount of actual damages ($124 in medical bills, and only moderate damage to the vehicle) it is apparent that the jury, in awarding the total amount of damages, relied heavily on elements of pain and suffering.

■■ From the record in this cause it is apparent that reasonable men could certainly differ over the amount awarded by the jury as damages in this case. If we sat in the position of the trial judge, we might be inclined to say that the amount, while large, was perhaps within the bounds of the jury's discretion. We are here, however, reviewing the discretion of the trial court itself in vacating the award of damages, since the trial court was able to hear and observe the witnesses personally. We believe the record raises issues sufficiently debatable as to whether the award in this case was excessive. As a court of review, therefore, we cannot, from the record, find that the trial court abused its discretion in setting aside the award of the jury and granting the new trial on damages.

For the reasons stated, the judgment of the Circuit Court of La Salle County granting a new trial on the issues of damages only is affirmed.

Affirmed.

STENGEL, J., concurs.

Mr. JUSTICE STOUDER, specially concurring:

I concur in the result reached by the majority but I am not wholly in accord with some of the reasoning announced in the opinion. In particular I do not agree with the conclusion that the granting or denial of new trial on the issue of damages only is merely a matter of judicial discretion and consequently the only issue on appeal is whether the trial court abused its discretion.

It seems to me that the issue on appeal is whether the judgment is excessive because it has no basis in the evidence. In this respect the trial court must consider the evidence and its relation to the verdict of the jury in the same sense and from the same point of view that we as a court of review would consider such verdict and evidence had the trial court denied the defendant's motion and there was an appeal from the judgment. It seems to me the majority is saying that there are or can be circumstances which would justify a trial court granting a new trial where a court of review would not be so justified. In logic and reason I see no reason for different standards.

I do however agree with the result reached by the majority because in my opinion the verdict is beyond the range of the evidence and consequently I believe the trial court's action in so finding should be affirmed. In so doing I would emphasize the unsatisfactory state of the evidence presented by the plaintiff herself which could have permitted a jury to base its verdict on conjecture, surmise or speculation.

As indicated in the majority opinion Doctor Doyle, an examining physician, testified about a surgical procedure which could have successfully eliminated the permanent injury complained of by the plaintiff. This testimony was apparently not expected by plaintiff's attorney, and there is nothing in the testimony either of the physician or of the plaintiff indicating that the surgical procedure had been discussed or recommended and consequently there is nothing in the record indicating the plaintiff had or had not declined to undergo the operation, whether her actions in regard to the operation were reasonable or unreasonable, and indeed the reasonable or likely effect of such an operation is subject to dispute so far as Doctor Doyle's testimony is concerned.

On this appeal, the parties have in light of Doctor Doyle's testimony discussed at some length the consequences and rules applicable where a recommended surgical procedure is declined by plaintiff. With respect to such issue I think it is sufficient to say that generally speaking the refusal to undergo an operation is not a bar to recovery. However, this is not the issue in the instant case, since so far as the record is concerned, we have a recommendation by an examining physician that a surgical procedure would alleviate a condition complained of by the plaintiff without any complementary testimony relating such medical opinion to plaintiff's condition either present or future.

In conclusion, while I agree there was no error in the admission of a physician's testimony or the patient's testimony, nevertheless the failure of the plaintiff to connect the physician's testimony with the plaintiff's condition might well have confused the jury.