(No. 41050.-

JOE H. PRITCHETT, Admr., *et al.*, Appellants, *vs.* STEINKER
TRUCKING COMPANY, INC., Appellee.

*Opinion filed September 24, 1968.*

ROBERT P. SHONKWILER, of Monticello, and RICHARD
J. WELSH, of Decatur, for appellants.

GREANIAS & OWEN, of Decatur, (ROBERT D. OWEN
and MARSHALL A. SUSLER, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

An action for wrongful death was brought in the circuit
court of Piatt County by the administrator of the estate of
Franklin Bowen, a deceased truck driver. The action was
brought against the Steinker Trucking Company, owner
of a truck which had collided head-on with the one driven
by Bowen. The latter's widow and the owner of the truck
he was driving joined as plaintiffs, seeking recovery for
last expenses and for damages to the truck, respectively.

Plaintiffs recovered but on defendant's appeal the appellate court reversed and remanded for a new trial on the ground of newly discovered evidence. (*Pritchett* v. *Steinker Trucking Co., Inc.,* 85 Ill. App. 2d 340.) We have granted plaintiffs' petition for leave to appeal.

The accident happened on September 22, 1962, at about 2:30 A.M. Defendant's semitrailer truck, driven by Paul Miller and carrying a load of hogs, was traveling east on U.S. Route 36 approaching three semitrailer units going in the opposite direction. The vehicles traveling west had been leased to Pillsbury Company, whose products they were carrying, and for convenience will be referred to herein as "Pillsbury" vehicles. Miller's truck passed the first Pillsbury vehicle without incident but when it came abreast of the second one there was a sideswipe collision. This caused it to veer across the highway into the path of the third Pillsbury vehicle. In the head-on collision which followed, both drivers were killed.

In a wrongful death action filed October 11, 1962, and tried in October 1963, Miller's administrator recovered against the Pillsbury Company and its employee Mack Pargin, driver of the second west-bound truck. The judgment was affirmed on appeal to the appellate court, and the appellate court judgment in turn was affirmed by this court. (*Miller* v. *Pillsbury Co.,* 33 Ill.2d 514.) The principal question in that case, as it is in this one, was which driver was over the center line of the highway when the sideswipe occurred between the Miller truck and the second Pillsbury vehicle. We pointed out in the case cited that "There were no eyewitnesses qualified to testify * * *."

It appears that on July 28, 1963, a statement had been taken on defendant's behalf from Gilbert Allen, another truck driver going east who said he came upon the scene of the accident shortly after it happened but saw nothing except a big fire. He stated that he could not get within three blocks of it, that he did not talk to anyone involved

in the accident, and that after 15 minutes or so he turned around and proceeded along a different road. Allen was not called to testify, but four days after the trial in the case at bar he was again interviewed by defendant and a week later gave a sworn statement of a different kind. In this statement it is revealed that Allen saw Miller at a rest stop and followed him as he drove east, that he saw the truck involved in a collision which resulted in a fire and that until the wreck happened the Miller truck had continued in the right hand lane. In his statement Allen further related that the driver of the first Pillsbury truck, which had come to a stop, rode with him a short distance to the accident, that as they arrived they met the driver of the second Pillsbury truck (the one involved in the sideswipe with defendant's truck), and that when the first Pillsbury driver asked him what happened he replied "I don't know." Allen related further that he left the scene before police or firemen arrived, turned his truck around, and made a detour around the wreck by means of a dirt road.

The circuit court, we think, did not err in refusing a new trial on the ground of newly discovered evidence. In order to obtain a new trial for such reason it must appear that due diligence was used to discover and procure the evidence on the trial. (*Stocker* v. *Scherer,* 1 Ill.2d 405.) It is a primary requisite to the allowance of a motion for a new trial on grounds of newly discovered evidence that such evidence was not discoverable prior to trial by the exercise of ordinary diligence. (*People ex rel. Drury* v. *Catholic Home Bureau,* 34 Ill.2d 84, 97.) Where it was so discoverable, or where no showing is made that it is so conclusive that it will probably lead to a different result on new trial, the motion will not be granted. (*Springer* v. *Schultz,* 205 Ill. 144.) As this court long ago observed, "It cannot be the practice of courts to allow important matters to go to trial, and because one party is not satisfied with the results of it, let him go out and try to get facts which will enable

him to do better at another trial, and rely upon such after-ascertained matters as a basis for a new trial." *Chicago and Alton Railroad Co.* v. *Raidy,* 203 Ill. 310, 317.

After a careful examination of the statements relied upon in the case at bar we think the circuit court could have found that the evidence claimed to be newly discovered is not, under the circumstances, of a sufficiently controlling and conclusive nature as to warrant the granting of a new trial. In any event it could reasonably have found that the evidence could have been discovered before trial by the exercise of due diligence. The defendant was aware of Allen, and in fact had interviewed him five months after the complaint herein was filed and some sixteen months before the trial took place. He could have been reinterviewed at any time within that period, if such appeared advisable, yet no attempt was made to do so until after the trial was concluded. No satisfactory explanation is offered as to why testimony which was successfully elicited after the trial could not have been obtained earlier, or why questions such as those asked in the subsequent interview could not have been asked and answered just as well when the first statement was taken. The fact that these matters were discovered only a few days after the trial tends very strongly to show that had defendant made proper inquiry and exercised due diligence in this respect substantially all of the evidence could have been produced at the time. *Graham* v. *Hagmann,* 270 Ill. 252, 262.

As we pointed out in the *Stocker* case, "The disposition of motions of this nature is largely discretionary with the trial court, and the exercise of its discretion will not be disturbed except in a case of manifest abuse." (*Stocker* v. *Scherer,* 1 Ill.2d 405, 409.) Such abuse of discretion has not been shown in the case at bar, and the appellate court erred in reversing the circuit court judgment on this ground.

Since other errors were assigned in the appellate court,

which were neither passed upon there nor argued here, the cause must be remanded for their consideration. The judgment of the appellate court is accordingly reversed and the cause remanded to that court for consideration of remaining alleged errors of the circuit court.

*Reversed and remanded.*