GLENNA MAE CECIL *et al.*, Plaintiffs-Appellants, *v.* WILLIAM GIBSON, Defendant-Appellee.

Third District   No. 74-364

Opinion filed April 26, 1976.

Paul O'Malley, of Chicago, for appellants.

Heyl, Royster, Voelker & Allen, of Peoria (James Lewis, of counsel), for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Glenna Mae Cecil and Ray Cecil, brought this action for severe personal injuries sustained by Glenna Mae Cecil on August 24, 1970, when the defendant, William Gibson, attempted to perform a dilation and curettage procedure on Mrs. Cecil for diagnostic and therapeutic purposes. The procedure performed by the defendant allegedly resulted in severe injury to Mrs. Cecil's uterus, necessitating a total hysterectomy in order to save her life.

This action was originally tried against two other physicians in addition to William Gibson for professional negligence and medical malpractice in the care and treatment of Mrs. Cecil. Ray Cecil's cause of action was brought for loss of his wife's services associated with her injury, allegedly sustained as a result of defendant's acts, and the subsequent impairment of Mrs. Cecil's ability to fully recover after her injury.

The jury returned a verdict in favor of all defendants and against both plaintiffs. The trial court denied plaintiffs' post-trial motions requesting a new trial, and the plaintiffs have appealed to this court as to the judgment entered in favor of William Gibson.

Plaintiffs assign as error various remarks by defense counsel during closing argument. The plaintiffs argue that these remarks were so erroneous and grossly prejudicial as to destroy and effectively subvert all chances for a fair trial.

In his closing argument defense counsel characterized plaintiffs' attorney as a "slick attorney from Chicago." Defense counsel referred to plaintiffs' attorney as a "slick hired-hand" and also referred to plaintiffs' medical expert witness as a "sidekick" and a "righthand man."

Defense counsel claimed that plaintiffs' counsel "manufactured" evidence, had a "wild imagination," and was not worthy of the jury's trust. He further stated that plaintiffs' counsel was the "captain of [the] ship" who was "piloting" the testimony of plaintiffs' expert witness. In addition, defense counsel compared the relationship between plaintiffs' counsel and his expert witness to that existing between the "Cisco Kid and Poncho" and "Matt Dillon and Chester." The expert was characterized as "a professional witness" who carries a "shiny black leather bag" containing instruments that "have never been used."

Other remarks of defense counsel appear in the record and are referred to in plaintiffs' brief, but, in the view we take, they need not be set forth here.

■■ "A trial properly conducted is a dignified procedure. Counsel in the case are officers of the court and owe a duty to the court, to opposing counsel, to the cause of justice and to themselves." (*Eizerman v. Behn*, 9 Ill. App. 2d 263, 286, 132 N.E.2d 788.) In *Paulsen v. Gateway Transportation Co.*, 114 Ill. App. 2d 241, 252 N.E.2d 406, an attorney in his closing argument referred to his adversary as a man who "played fast and loose with the facts in this case" and who tried to "change the facts by trickery." Although no objection was made, the court held the argument prejudicial and improper:

> "The attacks were clearly attacks upon defense counsel. It is obvious that the above remarks have no application to any issue in the case. This court views remarks of plaintiff's counsel as an unwarranted characterization of defendant's counsel and a

successful effort to belittle, impugn and ridicule him and thus deprive the defendant of fair treatment by the jury.

The constitutional right of trial by jury is not a license to counsel to indulge in abusive and prejudicial conduct to gain a verdict, nor does it grant any privilege to embarrass, belittle and abuse an adversary before a jury to such an extent that the hope of the adversary to obtain respectful consideration at the hands of the jury is destroyed or seriously jeopardized." (Citations omitted.) 114 Ill. App. 2d 241, 247-48.

■■ ■ We believe that defense counsel's final argument clearly exceeded all bounds. An attorney in his final argument is permitted only to make reasonable comments upon the evidence. (*Walsh v. Chicago Railways Co.*, 303 Ill. 339, 135 N.E. 709; *Reinmueller v. Chicago Motor Coach Co.*, 341 Ill. App. 178, 93 N.E.2d 120.) We recognize that often in the heat and fervor of a sharply contested trial these standards may be overlooked. (*Ryan v. Monson*, 33 Ill. App. 2d 406, 179 N.E.2d 449.) When, however, arguments become unreasonable and highly prejudicial in character and counsel indulge in misleading statements, improper innuendos and inflammatory remarks, reversal must follow as a matter of course. See *Owen v. Willett Truck Leasing Corp.*, 61 Ill. App. 2d 395, 209 N.E.2d 868.

■■ We therefore hold that defense counsel's closing argument contained such erroneous and grossly prejudicial statements that plaintiffs' chances for a fair and impartial trial were denied.

Although not necessary to the disposition of the case, we shall consider one other argument, urged by plaintiff, owing to the necessity for a second trial.

Defendant, William Gibson, testified at the trial that some of the delays in making entries or changes in the plaintiff's hospital records were probably due to the fact that sometime after hospitalization he was required to prepare insurance forms for the plaintiffs. We need not consider further the circumstances surrounding the mention of insurance except to note that its injection into a law suit is reversible error. *Horst v. Morand Brothers Beverage Co.*, 96 Ill. App. 2d 68, 237 N.E.2d 732; *Schmitt v. Chicago Transit Authority*, 34 Ill. App. 2d 67, 179 N.E.2d 838.

Various factual matters have been brought to our attention, but, in the view of the case, we take we need not consider these matters. For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and remanded, with directions that plaintiffs be granted a new trial.

Reversed and remanded, with directions.

STENGEL and BARRY, JJ., concur.