JAMES PRINCIPATO, JR., Plaintiff-Appellee, *v.* HENRY RUDD *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 81-922

Opinion filed November 24, 1981.

---

Van Duzer, Gershon, Jordan & Petersen, of Chicago (Horace W. Jordan and Edward W. Maltzen, of counsel, for appellants.

William D. Maddux & Associates, of Chicago (William D. Maddux and Bruce M. Lane, of counsel), for appellee.

JUSTICE DOWNING delivered the opinion of the court:

Defendants Henry Rudd, Marion Rudd, Rudd Container Company, and Anthony Reda appeal the granting of a new trial to plaintiff James Principato, Jr. Plaintiff filed a one-count negligence complaint concerning a truck collision. After a jury verdict for defendants, the trial court granted plaintiff's motion for a new trial. We granted defendants leave to appeal under Supreme Court Rule 306. (73 Ill. 2d R. 306.) Plaintiff also appeals the trial court's denial of his motion for judgment notwithstanding the verdict.

Plaintiff James Principato, Jr., was an electrician for Advance Neon Sign Company. He was injured on May 17, 1974, while repairing a sign on Western Avenue in Chicago. Plaintiff was driving a 30-foot truck with a snorkel unit that extended about 42 inches beyond the truck when in a fully closed position. Plaintiff pulled the truck into a driveway, blocking the parking lane on Western Ave. The snorkel unit extended into the near traffic lane when closed, at a height of about 9 to 13 feet above the ground. Thus, cars passed under the extended boom. It is disputed whether or not a red flag was attached to the rear of the truck, and whether or not plaintiff placed a rubber warning cone in the street.

Plaintiff worked on the sign while sitting in the snorkel unit, raising it into the air. After he completed the repairs, plaintiff lowered the snorkel unit and locked it into place. He then noticed a handprint on the sign and briefly climbed a ladder affixed to the side of the truck to wipe the print.

Anthony Reda, defendant, was employed as a truck driver for defendant Rudd Container Company. While plaintiff was on the ladder, a truck driven by Reda hit a portion of plaintiff's truck that extended from its body. Plaintiff was thrown into the air and landed on his back on the truck. He was taken to a nearby hospital.

The degree of plaintiff's injuries was a matter greatly disputed at trial. It is undisputed that soon after the accident, plaintiff left his job at Advance Neon Sign Company and opened a small restaurant. This resulted in a loss of reported income. Two medical witnesses for plaintiff testified to injuries which weakened his back, precluding heavy work and bending. These injuries might be permanent. The defense did not call any medical witnesses.

In closing argument, plaintiff's counsel asked for approximately $500,000 in damages. The jury returned a verdict for defendants. The trial court subsequently granted plaintiff's motion for a new trial.

.

## I

■■ Initially, we dispose of plaintiff's contention that the trial court erred in denying his motion for judgment notwithstanding the verdict. Employing the *Pedrick* standard (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504), we cannot say that the evidence, when viewed in the light most favorable to defendants, so overwhelmingly favors plaintiff that no contrary verdict based on the evidence could ever stand. Indeed, substantial issues of fact were presented to the jury, including whether or not plaintiff used a red warning flag and a rubber warning cone. The trial court properly denied plaintiff's motion for judgment notwithstanding the verdict.

## II

Plaintiff's motion for a new trial was based on certain trial errors and on newly discovered evidence. The order granting plaintiff's motion stated that plaintiff was granted a new trial on the issues of liability and damage. We therefore review all the grounds for a new trial urged by plaintiff in this court and properly preserved by the post-trial motion.

### A.

The trial errors urged by plaintiff fall into three groups: (i) statements by defense counsel in the opening statement that were not supported by the evidence; (ii) defense counsel's prejudicial references to workmen's compensation during cross-examination; and (iii) the prejudicial remarks of defense counsel in closing argument. Plaintiff's theory is that the cumulative effect of these errors, especially where the evidence was close, justifies the granting of a new trial.

Plaintiff's complaints about defense counsel's opening statement are, for the most part, unsubstantiated by the record. Counsel is given a certain latitude in the opening statement as to his expectation of what the evidence will prove. (*Northern Trust Co. v. Skokie Valley Community Hospital* (1980), 81 Ill. App. 3d 1110, 1124, 401 N.E.2d 1246.) Defense counsel's opening statement fell within this range. Of the six statements specifically claimed as error by plaintiff, four were substantially correct statements of the evidence adduced at trial. One other statement was clearly wrong, but plaintiff's counsel made the same misstatement in his opening statement, and it appears that both counsel misinterpreted the discovery evidence. The last statement, which concerned plaintiff's dreams and ambitions, would have been more properly reserved for closing argument.

During cross-examination, defense counsel referred to workmen's compensation twice. Once was during the cross-examination of plaintiff's

medical witness. Defense counsel asked the witness if he had occasion in the past to testify in court and before the "Illinois Workmen's Compensation Commission." No objection was made by plaintiff to this question. Thus, any claim of error is waived. (*Vinke v. Artim Transportation System, Inc.* (1980), 87 Ill. App. 3d 400, 413, 408 N.E.2d 1112, *appeal denied* (1980), 81 Ill. 2d 606.) The other reference was during the cross-examination of plaintiff's employer, when defense counsel asked if the witness had seen certain reports "in connection with [plaintiff's] claim against you for Workmen's Compensation?" Plaintiff's objection was sustained, and the trial court admonished the jury to disregard the statement.

■■ Discussion of workmen's compensation payments in a personal injury action by the injured employee against a third party requires the reconciliation of two competing interests. Evidence of such payments are generally not admissible as substantive evidence. (*Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 568, 190 N.E.2d 315.) On the other hand, it is proper to show that a witness has a financial interest in the litigation. Under the Workers' Compensation Act, compensation paid to the employee must be repaid out of any recovery received by the employee from a third party. (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b).) In reconciling these interests, the supreme court held that it is proper to cross-examine an agent of the employer regarding the existence of this potential recovery, but not the amount of it. (*Sweeney v. The Max A. R. Matthews & Co.* (1970), 46 Ill. 2d 64, 70-71, 264 N.E.2d 170.) At trial, out of the presence of the jury, defense counsel indicated to the court that he wanted to establish the existence, but not the amount of the recovery. Nevertheless, the trial court refused to allow any evidence of workmen's compensation. Defense counsel should have been allowed to cross-examine the witness as requested.

Plaintiff complains of four statements made by defense counsel in closing argument. Plaintiff did not object to two of the statements; therefore, any complaint now is waived. (*Mulvey v. Illinois Bell Telephone Co.* (1973), 53 Ill. 2d 591, 598, 294 N.E.2d 689.) Objections to two other comments were made and sustained. First, defense counsel stated that plaintiff was wrong in asking for $500,000 for injuries that were not more than bumps and bruises. He continued:

> "That's not the way these cases are to be tried. This is a Court of law. It is not a giveaway program, it's not a welfare program.
> MR. MADDUX: I object to that comment, your Honor.
> THE COURT: Sustained."

This statement was designed to arouse the prejudice or passion of the jury, and was thus improper. (See *Regan v. Vizza* (1978), 65 Ill. App. 3d

50, 53, 382 N.E.2d 409, *appeal denied* (1979), 72 Ill. 2d 585.) The thrust of the statement, however, goes to the amount of damages sought by plaintiff, not liability.

Second, defense counsel disparaged plaintiff's expert witness with the remark, "[o]f course, they bring in this Dr. Fitzsimmons, a professional medical witness * * *." Plaintiff's objection was sustained. Defendant argues that this remark was proper by claiming that since Dr. Fitzsimmons was a "professional man" and was testifying as a medical expert, the remark was accurate and true. We believe the remark suggested that Dr. Fitzsimmons was a "professional witness," and was thus improper. See *Regan v. Vizza* (1978), 65 Ill. App. 3d 50, 53; *Mattice v. Klawans* (1924), 312 Ill. 299, 309-10, 143 N.E. 866, *cert. denied* (1926), 271 U.S. 685, 70 L. Ed. 1151, 46 S. Ct. 637.

■■ In sum, the trial errors in this case consisted of two improper statements by defense counsel in closing argument and an arguably improper statement in opening statement. A reviewing court will not reverse the granting of a new trial unless a clear abuse of discretion is affirmatively shown in the record. (*Harrison v. Chicago Transit Authority* (1977), 48 Ill. App. 3d 564, 566, 363 N.E.2d 81, *appeal denied* (1977), 66 Ill. 2d 630; *Torrez v. Raag* (1976), 43 Ill. App. 3d 779, 782, 357 N.E.2d 632, *appeal denied* (1977), 65 Ill. 2d 585.) The trial court is in a better position than the reviewing court to assess the prejudicial effect of improper conduct. *Harrison*, 48 Ill. App. 3d 564, 566; *Torrez*, 43 Ill. App. 3d 779, 783.

■■ We believe that, based on the record, the trial court abused its discretion by granting a new trial in this case. Plaintiff cites *Kolakowski v. Voris* (1981), 94 Ill. App. 3d 404, 418 N.E.2d 1003, for the proposition that in a trial where the evidence is close, the quantity of error required for the granting of a new trial is less than in a case where the evidence is not close. We think the error in this case was slight and not sufficient to prejudice the jury. We must conclude that if the trial court's decision to grant a new trial was based on the cumulative effect of trial errors, that decision cannot stand.

### B.

Plaintiff also contends that he is entitled to a new trial because of newly discovered evidence. The new evidence consists of the testimony of George Beecher, an employee of Advance Neon Sign Company, who arrived at the scene of the accident shortly after it occurred. He would testify that he found the rubber cone under plaintiff's truck, and that he found the flag on the ground and reattached it to the truck. Beecher also made numerous scale drawings of the scene of the accident. He also claims that he did not advise plaintiff of his investigation until after the jury verdict.

■■ ■ Applications for a new trial based on newly discovered evidence are not looked upon with favor and are subject to close scrutiny. (*Halka v. Zupan* (1979), 68 Ill. App. 3d 616, 620, 386 N.E.2d 439.) In order to obtain a new trial for such reason, it must appear that due diligence was used to discover and procure the evidence for trial. (*Pritchett v. Steinker Trucking Co.* (1968), 40 Ill. 2d 510, 512, 240 N.E.2d 684.) The rationale behind such a strict requirement is to prevent the losing party at trial from searching for more favorable evidence to present at another trial. (*Pritchett*, 40 Ill. 2d 510, 512-13.) Where the newly discovered evidence consists of testimony of the employees of the party seeking the new trial, it will rarely be said that such a party exercised due diligence in attempting to procure the evidence. *Halka*, 68 Ill. App. 3d 616, 620; *Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 674-75, 299 N.E.2d 108, *appeal denied* (1973), 54 Ill. 2d 592.

■■ Applying these principles to the facts in the instant case, we cannot say that plaintiff exercised due diligence in seeking this evidence. While Beecher was not an employee of plaintiff, he was an employee of plaintiff's employer. Plaintiff's employer fully cooperated with plaintiff's case as would be expected in light of their workmen's compensation lien. It is difficult to understand how and why plaintiff could not have discovered this evidence before trial. If the trial court's decision to grant a new trial was based on newly discovered evidence, the decision was an abuse of discretion.

In accordance with these views, the order of the circuit court of Cook County granting plaintiff's motion for a new trial must be reversed, and this cause is remanded for the reinstatement of the jury verdict and entry of judgment thereon.

Reversed and remanded.

STAMOS and PERLIN, JJ., concur.