DAVID BARRAR, Plaintiff-Appellee, v. DAVID CLARK *et al.*, Defendants-Appellants.

Third District    No. 3—84—0661

Opinion filed September 11, 1985.

Robert D. Jackson and Jeffrey W. Jackson, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellants.

William K. Brown, of Goldfine & Bowles, P.C., of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:
The plaintiff, David Barrar, brought this action against the

defendants, David and Jacqueline Clark, seeking to recover for personal injuries Barrar incurred in the Clark residence. A Peoria County jury heard the evidence of the incident in which Barrar suffered his injuries, and returned a verdict in his favor for $130,000, which was reduced to $91,000 as a result of the plaintiff's comparative negligence. The Clarks prosecuted the instant appeal.

The factual background of this incident is fairly simple. On May 13, 1980, the plaintiff was delivering a refrigerator purchased at J. C. Penney's to the defendants' residence. His co-worker was Timothy Voss. The carpet in the Clark house had recently been shampooed, and as a result, the grating which ordinarily covered a heating duct on the hallway floor had been removed. Barrar stepped in the uncovered duct on the floor, fell, and suffered an injury to his back. In the circuit court, there was a difference in the recollections of the witnesses as to exactly what the plaintiff was doing at the time he was injured.

Mrs. Clark recalls that she advised the plaintiff that the carpeting had recently been shampooed and that the plaintiff was not to walk on the newly cleaned carpet in the hallway area. Nevertheless, the plaintiff, while inspecting the house to determine the best route for delivery of the appliance, walked into the hallway and stepped into the heating duct.

The plaintiff testified that he was never cautioned about the recently shampooed carpet and that at the time he stepped in the heating duct, he was not reconnoitering for a delivery route but was actually backing down the hallway with the refrigerator in tow. As he stepped into the duct, the refrigerator fell on him. The plaintiff's version of events was essentially echoed by his co-worker, Timothy Voss.

After hearing all the evidence, and assessing the credibility of the witnesses, the Peoria County jury returned a verdict for the plaintiff, but not without finding some negligence on his part. On appeal, the defendants urge that this verdict must be reversed, contending that it is the product of a trial in which numerous errors occurred.

■ In addition to pursuing the instant common law remedy, the plaintiff also sought benefits under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*). In his application for those benefits, he described the occurrence at the Clark home as follows:

> "Pet. was measuring door to move refrigerator into house, walked across floor and fell through covered heat duct."

This written statement by the plaintiff supports Mrs. Clark's version of events and contradicts the plaintiff's testimony at trial. In the cir-

cuit court, the defendants were permitted to impeach the testimony of the plaintiff with his prior, inconsistent statement, but they were not permitted to refer to the context in which the statement was made, *i.e.*, an application for workers' compensation benefits, nor was the application, although admitted into evidence, given to the jury for use in its deliberations. The defendants believe these decisions of the circuit court unfairly prejudiced their case. Numerous cases are cited by the litigants, but none of the cited authorities directly address the issue raised by this appeal. In *Moran v. Tomita* (1977), 54 Ill. App. 3d 168, 369 N.E.2d 302, *Redmon v. Sooter* (1971), 1 Ill. App. 3d 406, 274 N.E.2d 200, *Korleski v. Needham* (1966), 77 Ill. App. 2d 328, 222 N.E.2d 334, *Bassi v. Morgan* (1965), 60 Ill. App. 2d 1, 208 N.E.2d 341, and *Springer v. Illinois Transit Lines* (1943), 318 Ill. App. 403, 48 N.E.2d 206, statements were made before the Industrial Commission which dealt with legal issues, not factual issues. The holdings of these cases were not entirely consistent. Although the *Redmon* case attempted to reconcile the seemingly inconsistent holdings, since the admission in the application in the case at bar deals with factual issues, we do not find *Redmon*, or its inconsistent predecessors, persuasive. Likewise, the admission before the Industrial Commission in *Chamness v. Odum* (1979), 80 Ill. App. 3d 98, 399 N.E.2d 238, was excluded because of relevancy, not for reasons pertinent to the instant dispute. In *Bryntesen v. Carroll Construction Co.* (1963), 27 Ill. 2d 566, 190 N.E.2d 315, *Sweeney v. Max A.R. Matthews & Co.* (1970), 46 Ill. 2d 64, 264 N.E.2d 170, and *Principato v. Rudd* (1981), 102 Ill. App. 3d 362, 430 N.E.2d 63, the issue was the admissibility of evidence of workers' compensation payments, evidence which the courts determined to be inadmissible by reason of the collateral source rule, yet admissible to demonstrate the interest of a witness in the litigation. While these cases do not address the question before us, the admissibility of factual admissions, they do caution that evidence of collateral source recovery from workers' compensation benefits is inadmissible. The cases also suggest that this rule is not absolute.

"As a general rule, it is, of course, proper to show that a witness or his employer has an interest in the result of the litigation. [Citations.] But it is also generally accepted that evidence of workmen's compensation payments may be properly excluded in an action by an injured employee against a third party. [Citations.] Both irrelevance and prejudice to the plaintiff's case have been offered as reasons for the exclusion of such evidence. [Citations.] Apparently attempting to accommodate both lines of decision, the trial court held that the defend-

ant could show that the insurance company which employed the investigator-witness had an interest in the case adverse to that of the defendant, but that the exact nature of the interest could not be shown to the jury. The court thus permitted disclosure of the interest of the witness and his employer in the outcome of the lawsuit. Prejudice to the plaintiff which could have occurred if specific disclosure of the compensation benefits were allowed, was avoided by the court's ruling. The scope of cross-examination resides within the sound discretion of the trial court and we cannot properly upset the exercise of that discretion unless there has been an abuse of discretion. [Citations.] It cannot be said that the trial court here improperly limited cross-examination." (*Sweeney v. Max A.R. Matthews & Co.* (1970), 46 Ill. 2d 64, 70-71, 264 N.E.2d 170, 173-74.)

In the instant case, the circuit court permitted the jury to hear the plaintiff's prior inconsistent statement of fact, but did not allow the jury to hear the context in which the statement was made nor to see the application on which the statement was made. We hold, as did the *Sweeney* court, that such a ruling was a reasonable attempt by the circuit court to accommodate the competing interests of both the plaintiff and the defendants.

■ The jury awarded the plaintiff $25,000 for lost wages. Following his injury in May, Barrar was excused from work by his physician until July 8, but then was released to return to work. Despite this release, the plaintiff implied by his testimony that he was unable to work because of discomfort in his back. Subsequently, he was discharged by his employer for absenteeism. After a period of unsuccessful attempts to find employment, the plaintiff found work at a lower rate of pay in New Jersey. If the jury accepted the testimony of the plaintiff's physician, the award of lost wages would be excessive. However, the jury is not required to accept expert opinion when it differs with credible lay evidence. The plaintiff's testimony concerning the pain he suffered supports the jury's apparent conclusion that the plaintiff was disabled from employment for more than two months. Therefore, the award of lost wages finds support in the record.

■ The plaintiff's medical expert, Dr. William Hart, testified that the plaintiff was suffering from low back strain. In reaching this conclusion, he relied on a report written by Dr. Bernard Wetchler of the Pain Management Clinic at Methodist Medical Center. Included in that written report was Dr. Wetchler's opinion that the plaintiff, Barrar, was not "interested in attempting to follow our diagnostic treatment plan." When the defendants attempted to cross-examine Dr.

Hart concerning this lack of cooperation, the circuit court sustained the plaintiff's objection. With the Supreme Court decision in *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, Illinois now adheres to Federal Rule of Evidence 705, which allows an expert to offer opinion testimony without prior disclosure of underlying facts or data, provided that such underlying facts or data may be elicited on cross-examination. The defendants assert that to sustain the objection to their question about a report relied on by Dr. Hart ignores the provisions of Rule 705. We disagree. The Federal courts have interpreted Rule 705 to allow the trial court discretion to impose reasonable limits on cross-examination where the purpose is to bring out inadmissible hearsay rather than to undermine the expert's opinion. (*United States v. Taylor* (D.C. Cir. 1975), 510 F.2d 1283; *Bobb v. Modern Products, Inc.* (5th Cir. 1981), 648 F.2d 1051; *Bryan v. John Bean Division of F.M.G. Corp.* (5th Cir. 1978), 566 F.2d 541.) Under these facts, it cannot be said that the circuit court abused that discretion.

■ James Bollwinkle, controller of the plaintiff's employer, was called to testify as to the plaintiff's wage rate. The employer had paid plaintiff workers' compensation benefits and had a resulting lien on any recovery the plaintiff might receive from the defendants. Cross-examination as to this potential for bias or self-interest was limited by the circuit court. As previously indicated in this decision, cross-examination on the issue of bias or self-interest is proper under these circumstances. (*Sweeney v. Max A.R. Matthews & Co.* (1970), 46 Ill. 2d 64, 264 N.E.2d 170; *Principato v. Rudd* (1981), 102 Ill. App. 3d 362, 430 N.E.2d 63.) Accordingly, we agree with the defendants that the circuit court erred in denying the defendants an opportunity to bring the potential bias of Mr. Bollwinkle to the attention of the jury. However, Mr. Bollwinkle's testimony as to the plaintiff's wage rate was objective in nature, and such objective testimony would not be readily subject to variation by reason of the witness' self-interest. Since it is highly unlikely that Mr. Bollwinkle's testimony would be slanted or colored to prejudice the defendants, we find the circuit court's error to be harmless.

■ Objections raised by the defendants before this court concerning the propriety of the closing arguments by plaintiff's attorney were not properly preserved for review, no objection having been offered in the circuit court. (*Chloupek v. Jordan* (1977), 49 Ill. App. 3d 809, 364 N.E.2d 650.) Also, the defendants' argument that the verdict was excessive is not supported by judicial authority. This verdict was returned by a jury of 12 persons who evaluated the evidence and performed the difficult task of fixing an amount for disability and pain

and suffering. The amount so fixed is not outside the flexible limits of fair and reasonable compensation, and will not be set aside by a court of review. *King v. City of Chicago* (1978), 66 Ill. App. 3d 356, 384 N.E.2d 22; *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865; *Carraher v. Bacon* (1976), 43 Ill. App. 3d 16, 356 N.E.2d 650.

Based on the reasoning and authorities hereinbefore set forth, we conclude the judgment of the circuit court of Peoria County should be affirmed.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.