Ernst A. Kremeyer and Karla A. Kremeyer, Plaintiffs-Appellants, v. William Shumate, et al., Copartners, d/b/a Shumate Brothers Trucking Co., and James L. Laudicina, Defendants-Appellees.

Gen. No. 11,199.

Second District, Second Division.

February 18, 1959.

Released for publication March 7, 1959.

Foltz, Haye & Keegan, of Rockford, for plaintiffs-appellants.

Raphael E. Yalden, Craig A. Ridings, of Rockford, and Cannariato and Nicolosi of Rockford (Sam J. Cannariato, of counsel) for defendants-appellees.

JUSTICE SOLFISBURG delivered the opinion of the court.

The only issue in this case involves the claimed inadequacy of the amount of damages awarded plaintiffs for injuries to real property, arising out of the

negligence of defendants. The case was tried by the court without a jury and arose out of an occurrence on June 22, 1956.

Plaintiffs-appellants Kremeyer reside on a small parcel of real estate on Centerville Road near Rockford. The road runs north and south and their property is to the west of the road. The north edge of the property is a branch of Kent Creek. The home faces east with the garage southeast of the dwelling house. A driveway runs westerly from the road, circles in front of the house and then extends to the garage. The Kremeyer property, while level, lies adjacent to land which rises in a southerly direction from the southerly boundary. A ravine runs through this rising terrain, through adjacent property owned by a party not concerned with this lawsuit, under a railway track and finally ends in ditches or gullies on the property owned by and in the possession and control of defendant Laudicina. The defendants-appellees Shumate operated a scavenger business in Rockford and deposited garbage, debris and junk they had collected from various business places and homes on the Laudicina property, with the permission of the Laudicinas. A portion of this debris was used to fill the ditches or gullies in which the ravine terminated.

On June 22, 1956, a severe rain washed garbage and debris from the dumping place on the Laudicina property, carried it down through the ravine onto the Kremeyer property, where the water-borne debris plugged up the south end of the drainage pipe running beneath the Kremeyer front yard to the east of the dwelling house.

It is the plaintiffs' contention that the plugging of the pipe caused the damage for which they sought recovery. The trial judge after a full hearing awarded the plaintiffs $98.33 and costs. This amount equaled the cost of cleaning up the debris deposited on their

544

lawn and hauling the same away, the charge for repair of the creek bed reinforcement eroded by the washing water, and a small amount for grass seed to reseed their lawn. The trial court did not award the plaintiffs any part of the $1105 actually paid by plaintiffs to repair the garage, whose foundation had been undercut by the water so as to deprive it of support, for replacement of a retaining wall along the south of the property which was also washed away nor for repairs made to the crushed rock surfacing of the driveway. The court likewise awarded the plaintiffs nothing to reimburse them for the expense of cleaning the carpets in their home on which mud had been tracked in from the lawn.

From the judgment of the court, the plaintiffs appealed. No cross appeal was taken by the defendants, and hence the correctness of the judgment itself is not before us, but only the amount thereof.

The plaintiffs' contention in substance is that, having decided the issues of liability in their favor, the trial judge should have awarded the plaintiffs the additional sums for repair of the garage, the retaining wall and the driveway, as well as for the cleaning of the carpets, and that upon the record as it appears, the trial judge, having found liability, was bound to do just that. It is plaintiffs' contention that the contractor's testimony was that the reasonable cost of repair of the damage to plaintiffs' garage, retaining wall and driveway was in the amount of $1105, which testimony was supported by a paid repair bill; that this testimony was uncontradicted by any evidence, testimony or circumstances; and that such testimony is not inherently improbable, and, therefore, should not have been rejected.

 From a consideration of the entire record, it is the opinion of this court that the judgment of the trial court should be affirmed. The burden of

proof was upon the plaintiffs to prove by a preponderance of the evidence the amount of the damages sustained by them. The injuries and damages in the case at bar were to real property. The plaintiffs had a burden of proof to prove the amount of their damages and the causal connection between the negligence of defendants and the damages by a preponderance or greater weight of the evidence. Ordinarily, the difference between the fair value of the property immediately before and after the injury will be taken as the measure of damages, particularly where the injury to real estate is permanent. Where the thing which is destroyed or injured, though affixed to the realty, has a distinct value without reference to the real estate upon which it stands, the measure of recovery is for the value or depreciation of value of the thing destroyed or injured, and not for the difference of the value of the land before and after the destruction. Under some circumstances, the proper measure of damages may be the cost of restoration of the property to its condition before the injury occurred, as where the injury is susceptible to be repaired at moderate expense and the cost of restoration may be shown with reasonable certainty. Clark v. Public Service Co., 278 Ill. App. 426; Dixon v. Montgomery Ward & Co., 351 Ill. App. 75. Thus the damages for injury done to a dwelling are measured by the cost of restoring it to its previous condition. Fitzsimmons & Connell Co. v. Braun & Fitts, 199 Ill. 390.

█ There has been no holding of any court in this jurisdiction that has been cited to us that the measure of damages for injury to improvements on real estate is the lesser sum of the difference in value immediately before and immediately after the injury, or the cost of repair. This is the rule for personal property damage. Santiemmo v. Days Transfer, Inc., 9 Ill.App.2d 487.

■ The plaintiffs have upon this appeal proceeded upon the assumption that, having shown the damage wrought by the water and having shown the cost of repair or replacement of the improvements damaged, they are entitled automatically to recover a judgment for the cost of repair and replacement. This assumption ignores that the evidence of the causal connection between the negligent piling of garbage, the garbage washing onto plaintiffs' property, the subsequent clogging of the drain pipe, and the eventual damage to improvements here sought was a matter of dispute. Matters of controversy are for determination of the trial court. The trial court's findings will not be disturbed upon appeal unless they are manifestly against the weight of the evidence. Goodman v. Motor Products Corp., 9 Ill.App.2d 57.

■ ■ In the circumstances shown by the record in the case at bar, we cannot say that the amount of judgment of the learned trial judge was manifestly or clearly and palpably against the weight or preponderance of the evidence. Town of Centreville v. Reinhardt, 306 Ill. App. 281; Kolberg v. Cities Service Oil Co., 343 Ill. App. 355. The trial judge personally saw and heard the witnesses and we will not substitute our judgment for his in the case at bar. In re Conservatorship of Senesac, 17 Ill.App.2d 290.

Affirmed.

WRIGHT, P. J. and CROW, J., concur.