Martha J. Lucas d/b/a the Lucas Company, Plaintiff-Appellee, v. Bowman Dairy Company, an Illinois Corporation, Defendant-Appellant.

Gen. No. 49,163.

First District, Fourth Division.

July 15, 1964.

Andrew A. Galich, of Chicago, for appellant.

Zlatnik, Gaines & Boyer, of Chicago (Maxfield Weisbrod and Michael F. Zlatnik, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from an adverse verdict and judgment of $7,000 for damages to plaintiff's furniture store and merchandise therein. At the trial the issue of liability was contested, but defendant now admits liability and contests only the amount of damages assessed by the jury.

The action arose from the loss of a wheel from a truck owned by defendant and driven by its agent along the street in front of plaintiff's store on April 9, 1956. Upon its detachment, the wheel, with the driver running in pursuit, rolled 100 to 150 feet, crossed the street, rolled over a curb, across a sidewalk, struck a building protrusion at the base of the window glass, and broke the front window of plaintiff's store. The driver and plaintiff's saleslady testified that the wheel did not enter the store, but plaintiff claimed she found the wheel inside the building. As a plaintiff in this action the saleslady, who was in the shop when the window broke, recovered damages of $86 for a cut above the ankle, but she is not a party to this appeal. Also in the shop at the time of the incident were two customers who escaped injury. All three were standing 11 feet from the glass window.[1]

---

[1] Plaintiff testified that upon entering the store soon after the occurrence, she saw approximately thirty-five Bowman Dairy employees cleaning up the debris. She said: "The entire Bowman Dairy Company was standing and apologizing to me." An objection thereto was sustained. Defendant claimed that only three men were there—the driver and two men who responded to his call to one of defendant's plants.

In proof of her damages plaintiff was permitted to place in evidence her cost invoices for pieces of furniture on display in the store at the time of the occurrence. She testified that each item had been damaged and thereby rendered worthless because she dealt only in new furniture. She neither obtained estimates of repair costs, nor made any attempt to sell the furniture for whatever it might bring by way of salvage. Instead she put it in storage, and it was still there at the time of the trial more than six years later.

Plaintiff also sought recovery for damage to her store. Though it appears that damage to plastering was limited to a portion of one wall, she had two walls repainted. Similarly, the store's grasscloth ceiling was completely recovered, though damage had been confined to a single corner area. In part exchange for the interior decoration work for which an estimate of $1906 was given, plaintiff turned over to the decorator items of furniture which had been invoiced to her at $1405. An estimate of $252 was given to replace the glass window. As final elements of damage, two paid bills were introduced, one for $316 covering repairs to the electrical system, and the other in the amount of $84 for relettering the window.

 As to the damaged furniture, since it has not been repaired, the rule of damages applicable would be the same as where the property cannot be repaired, namely, the difference in value immediately before and immediately after the occurrence. Bouton v. Harrison, 317 Ill App 152, 45 NE2d 510 (1942); H. K. Porter Co. v. Halperin, 297 F2d 442, 445 (7th Cir 1961). Ordinarily the measure of damages to personal property is the reasonable cost of making repairs. Conley v. Langhaus, 13 Ill App2d 574, 142 NE 2d 799 (1957); Santiemmo v. Days Transfer, Inc., 9 Ill App2d 487, 502, 133 NE2d 539 (1956); ILP Damages § 144. If, however, the property after repair is worth

less than before its damage, the measure of damages would be the difference in market value before and after, in addition to the reasonable cost of repairs. Welter v. Schell, 252 Ill App 586, 589 (1929); ILP Damages § 144; IPI §§ 30.10–30.16. Under proper evidence any or all of these rules might have pertained to the case at bar. Since plaintiff elected not to repair the furniture we are limited in our review of this case to the proper application of the first rule of damages referred to above.

■ Plaintiff's sole evidence on the first half of the damages formula, prior market value, consisted of invoices representing her costs for furniture supplied by the manufacturers. Of the eighteen invoices in evidence, two bore 1954 dates; four were undated; the others bore dates in 1955 or 1956. That these invoice prices constitute unsatisfactory proof of value at the date of occurrence is evident when one considers that the fair market value by that time might have been either higher or lower depending on many factors, including fluctuation in market price for an identical item, design obsolescence, showroom wear and tear or customer damage, etc. Neither plaintiff nor anyone else testified to the condition and value of the goods just before they were damaged. This omission is fatal.

In similar situations courts have held that the plaintiff's burden of proving damages was not met. In Maguire v. Lux Cleaners, Inc., 307 Ill App 542, 30 NE 2d 753 (1940), a judgment for plaintiff was reversed because the only evidence of the value of rugs before they were sent to the defendant cleaner and there damaged was the price at which they had been purchased secondhand or at an auction a number of years before the occurrence. See also Noel v. Hale, 33 Ill App2d 286, 177 NE2d 886 (1961); Guinee v. Prouty, 175 Ill App 617, 618 (1912). Plaintiff's argument that the invoices were sufficient evidence of prior value

and damages because defendants introduced no contrary evidence ignores her burden of proof. Kremeyer v. Shumate, 20 Ill App2d 542, 546, 156 NE2d 271 (1959).

Plaintiff also failed to meet her burden of proof as to the other half of the damages formula, the fair market value of the property after it was damaged. Sycamore Preserve Works v. Chicago & N. W. Ry. Co., 293 Ill App 20, 26, 12 NE2d 42 (1937).

██ ██ Plaintiff stated that the goods were valueless to her in view of the character of her trade in new furniture only. This fact, however, serves no more than to demonstrate the need for additional, outside appraisal. Value to her business is not equivalent to fair market value. She could have recovered and still can recover money from the damaged furniture by selling it, before or after repair, to a dealer in damaged or secondhand furniture. Although upon direct examination plaintiff testified, as noted, that the goods had "no value," contrary facts were adduced from her own subsequent testimony: she stored the furniture for at least six years; the damage described by her was minor as to some items, e. g., damage of two pieces located 75 feet from the broken window [2] was said to consist of four small slits in the back upholstery of a large sectional sofa and a hole in the top of a hutch; a scratched cork tabletop could have been replaced; marble could have been replaced in the tops of otherwise undamaged pieces of furniture; and so on.

Since some of the furniture was damaged only very slightly and none of it was demolished, it must be considered to have had some market value. Plaintiff could readily have ascertained and proved that value, but she failed to fulfill her burden of proof in this

---

[2] Two customers who were only eleven feet from the window were not injured.

regard. Plaintiff comments upon the failure of defendant to produce as witnesses the two employees who came to plaintiff's store shortly after the accident in order to testify to the amount of damage they observed. From this it is argued that the jury could have believed that their testimony would have been favorable to plaintiff. However valid this reasoning, it does not shift the burden of proof to the defendant and cannot make up for plaintiff's failure to establish post-occurrence value.

█ In addition to damage to merchandise, plaintiff claimed she repaired damage to the building's window, wall and ceiling in the approximate amount of $2,500. Her claim for recovery is properly based on the cost of restoring the property to its former condition. Connecticut Fire Ins. Co. v. North Shore Steel Craft, Inc., 44 Ill App2d 36, 194 NE2d 44 (Abst, 1963), citing Kremeyer v. Shumate, 20 Ill App2d 542, 546, 156 NE 2d 271 (1959); Peet v. Dolese & Shepard Co., 41 Ill App2d 358, 368, 190 NE2d 613 (1963).

██ As to prior condition, plaintiff testified that complete redecoration, with new paint and grasscloth, had been performed for a fashion show two years before the occurrence. In proving subsequent cost of repair, she submitted receipted bills for electrical work and window lettering, which were prima facie proof of the amount and reasonableness of these charges. Wicks v. Cuneo-Henneberry Co., 319 Ill 344, 349, 150 NE2d 276; Roth v. Fleck, 242 Ill App 396, 400 (1926). The cost of the rest of the work—painting, papering and replacing glass—is documented by "estimates" from service men. While not as persuasive as it might be, we believe that this evidence, offered by a plaintiff with 33 years of experience in interior decorating, was sufficient to form a basis on which the jury could determine reasonable cost of restoring the building.

■ Defendant contends that the jury was not properly instructed on the subject of damages. The record does not disclose, however, that defendant made objection in conference to any of the instructions. Nor was the point properly raised in its post-trial motion. Nor have all the instructions been abstracted on appeal. In this situation the defendant cannot now complain of an erroneous instruction. Goodman v. Motor Products Corp., 22 Ill App2d 378, 386, 161 NE2d 31 (1959); Dempski v. Dempski, 27 Ill2d 69, 77, 187 NE 2d 734 (1963). On retrial it may be presumed that appropriate IPI instructions will be employed. IPI § 30.00.

■ ■ It is also urged that plaintiff's attorney committed reversible error in his closing argument to the jury by referring to the defendant as a substantial corporation. Since the record does not disclose that objection was made at the time, the propriety of this remark is not before this court for review. Because the case is to be retried, however, we will state that such an argument has often been held improper and we would not expect it to be repeated.

We conclude that since insufficient evidence was submitted at the trial as to the condition and value of the unrepaired furniture both before and after the occurrence, the judgment for plaintiff must be reversed and the cause remanded for a new trial on the sole issue of damages with the application of whatever measure of damages, not inconsistent with this opinion, may then be appropriate.

Reversed and remanded.

DRUCKER and McCORMICK, JJ., concur.