312

(No. 95-CC-3936—

CHARLES A. SHANKS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1998.*

CHARLES A. SHANKS, *pro se.*

JIM RYAN, Attorney General (CHRISTINE A. RYAN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

Claimant seeks judgment against Respondent for damage sustained by Claimant's trailer while Claimant was visiting Sanchris Lake State Park on June 5, 1995. Claimant alleges his trailer was struck by rocks thrown by a riding mower that was being operated by a park employee. Claimant further alleges the mower was being operated with the mower guard chute in a raised position.

The parties waived transcription of the hearing by a court reporter. The record includes Claimant's exhibits 1, 2, and 3. Claimant's exhibit 1 is a diagram of the accident site prepared by Claimant at the hearing. Claimant's exhibit 2 is a copy of an accident report prepared by the site superintendent of the Sanchris Lake State Park after the incident occurred. Claimant's exhibit 3 is a copy of a repair estimate Claimant received after the trailer was damaged. Claimant's exhibits 2 and 3 were admitted only to show they were documents Claimant received after reporting an accident and requesting an estimate. Exhibits 2 and 3 were not accepted for the truth of the matters contained therein, due to their hearsay nature. Claimant did not file a brief. Respondent has filed a brief.

Claimant testified as follows: On June 5, 1995, he was camping with his family at the Hickory Point Campground at Sanchris Lake State Park. He was sitting at a picnic table between where his trailer was parked and a small road approximately eight feet wide. There were rocks on the shoulder of the road. A mower was being operated by a silver haired gentleman on the other side of the road. The mower was a riding mower with the mower attachment on the front that had a cutting width of approximately 60 inches. The mower guard chute that directed debris from the mower downward was in the up position. While the mower was being operated on the shoulder of the road across from where Claimant was sitting, rocks shot out from underneath the mower toward Claimant and his trailer. Some of the rocks hit Claimants' trailer causing a dent in the side of the trailer. Claimant estimated the rocks were approximately one inch in diameter. He also estimated the mower was approximately 10 to 20 feet from the trailer when the incident occurred. About an hour or two later, Claimant went to the park officer to report the incident. At the office, Site Superintendent Stephen Carey

filled out the accident report that is attached to Claimant's complaint and is also Claimant's exhibit 2. Mr. Carey also took pictures of the trailer.

Claimant testified he took his trailer to Hadley's RV to get a repair estimate. He was told at Hadley's to take his trailer to K & C RV and Auto Center in Decatur, Illinois, on June 20, 1995. Claimant received an estimate from K & C RV and Auto Center of $1,107 to repair the trailer. A copy of the estimate is attached to Claimant's complaint and is also Claimant's exhibit 3.

Claimant testified he did not have the trailer repaired. He later traded the trailer for a new trailer. His position is that he received less on the trade-in in the amount of the estimated repair cost.

On cross-examination, it was elicited from Claimant that the accident report was dated June 13, 1995, and it was possible that Claimant returned to the park eight days later to report the damage. Claimant also testified on cross-examination that he could not remember when he traded the trailer in, but acknowledged that he swore under oath in interrogatories that he traded the trailer in on September 18, 1995.

Regina Wilderman testified on Claimant's behalf. She is Claimant's daughter and was with Claimant at the Hickory Point Campground on June 5, 1995. She was sitting at the picnic table with her son. She estimated that the mower was ten to 20 feet from the trailer when the rocks shot out from underneath the mower. She testified that one of the rocks almost hit her son. She further testified that rocks hit Claimant's trailer which caused a dent in the side of the trailer.

Respondent chose not to present any witnesses or exhibits.

The State owes a duty to the public to exercise reasonable care in establishing, maintaining, and supervising its parks. (*Kamin v. State* (1953), 21 Ill. Ct. Cl. 467.) In *Perlman v. State* (1979), 33 Ill. Ct. Cl. 28, 31, this Court stated that:

"The State of Illinois is not an insurer and before the Respondent can be liable for Claimant's injury it must be shown by the preponderance or the greater weight of the evidence that a dangerous and defective condition existed * * * and that the Respondent knew or should have known of said defective and dangerous condition."

Notice to Respondent of a dangerous condition can be either actual or constructive. *Weygandt v. State* (1957), 22 Ill. Ct. Cl. 478.

At the close of Claimant's case, Respondent moved for a directed verdict. A directed verdict should be entered only in those cases in which all of the evidence, when viewed in the aspect most favorable to the opponent, so overwhelmingly favors the moving party that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria and Eastern R.R. Co.* (1967), 37 Ill. 2d 404, 220 N.E.2d 504.) The testimony presented by Claimant and his daughter was sufficient to overcome the motion for directed verdict.

To prove Respondent was negligent, Claimant must prove by the preponderance of the evidence that Respondent had actual or constructive notice of a dangerous condition. Claimant must also prove that the dangerous condition was the proximate cause of the damage to his trailer. The unrefuted testimony of Claimant and his daughter established the following: An employee of Respondent was operating a riding mower approximately ten to 20 feet away from Claimant's trailer. The guard chute of the mower was in the up position. The employee was mowing in the area of the shoulder of a road which contained rocks. Some of the rocks shot out from under

the mower and hit Claimant's trailer. One of the rocks caused a dent in Claimant's trailer. The Court finds that these facts are sufficient to prove Respondent's negligence caused the damage to Claimant's trailer. Respondent's employee knew or should have known that operating a riding mower in an area with rocks with the guard chute up presented a potentially dangerous condition. The unrefuted testimony of Claimant and his daughter proved that the negligent operation of the mower caused the damage to the trailer.

The rule for personal property damage is that the measure of damages is the lesser sum of the difference in value immediately before and immediately after the injury, or the cost of repair. (Kremeyer v. Shumate (1959 2nd Dist.), 20 Ill. App. 2d 542, 156 N.E.2d 271.) Since Claimant did not repair the trailer, it was necessary for him to introduce evidence of the value of the trailer immediately before the injury occurred and the value of the trailer after the injury occurred in order to recover damages. (See Wall v. Amoco Oil Company (1981 5th Dist.), 92 Ill. App. 3d 921, 416 N.E.2d 705.) Claimant did not present any evidence of the value of the trailer immediately before and immediately after the damage occurred.

Therefore, this Court has no basis upon which to issue an award. The value of the trailer may or may not have been diminished by the amount of the cost of the repairs. It is therefore ordered that this claim is denied.