No. 2—09—0560
Opinion filed March 16, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08—CF—4379 |
| TITO P. VEGA, | ) ) ) | Honorable Richard A. Lucas, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Jorgensen and Justice McLaren concurred in the judgment and opinion.

**OPINION**

Tito P. Vega appeals his conviction of criminal damage to government-supported property in excess of $500 (720 ILCS 5/21—4(1)(a) (West 2008)), a Class 3 felony. At issue is whether Vega's counsel was ineffective when he failed to timely discover that sales tax might have been wrongly charged and paid during the repair process, such that the actual damage was under $500, making his offense a Class 4 felony. We determine that Vega's counsel was ineffective for failing to timely discover the matter. Accordingly, we reverse and remand for a new trial.

I. BACKGROUND

Vega was charged by indictment with multiple offenses, including criminal damage to government-supported property in excess of $500 in connection with damage that he caused to a Loves Park police vehicle.

At trial, an officer testified that he learned that the damage was approximately $501. An estimator for the business that performed repairs to the vehicle testified that the total estimate was $501.93. The estimator stated that the actual bill in some cases could be more or less than the estimate, but since the vehicle here needed only one part, the bill would be the same as the estimate. He was not asked whether sales tax was included in the estimate. The written estimate was entered into evidence. It shows that $32.85 of the estimate was sales tax on parts and materials. There was no evidence provided regarding whether the tax was appropriate or whether the amount of the estimate or the tax was actually paid. The jury found Vega guilty.

More than 30 days after trial, but before sentencing, Vega's trial counsel discovered that the police department was exempt from paying sales tax. 35 ILCS 105/3—5(4) (West 2008). Without the sales tax included, the damage would be under $500, resulting in a Class 4 felony. 720 ILCS 5/21—4(1) (West 2008). Vega's counsel filed a late motion for a new trial based on the discovery, which the court heard in its discretion. See *People v. Harper*, 347 Ill. App. 3d 499, 502 (2004) (allowing discretion to hear any posttrial motion before sentencing). At the hearing, the State indicated that the police department had paid the entire $501.93 of the estimate, although there was no formal evidence provided about that. The court determined that the matter was forfeited, because Vega's counsel did not object to the estimate at trial. Vega was sentenced to three years' incarceration and ordered to pay restitution. He appeals.

## II. ANALYSIS

Vega concedes that the issue concerning the sales tax was forfeited when it was not raised at trial, but he contends that his counsel was ineffective for failing to timely discover and raise it. In the alternative, he argues that it was plain error to sentence him for a Class 3 felony, because, when the sales tax is removed from the calculation, the damage to the property was actually less than $500, resulting in a Class 4 felony. The State contends that there was no error to begin with, arguing that the sales tax may be included in the determination of the amount of the damage.

A claim of ineffective assistance of counsel requires a defendant to establish that (1) his attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Effective assistance of counsel means competent, not perfect, representation." *People v. Rodriguez*, 364 Ill. App. 3d 304, 312 (2006). To succeed on a claim of ineffective assistance, a defendant must overcome a strong presumption that counsel's conduct was the result of strategic choices rather than incompetence. *People v. Evans*, 186 Ill. 2d 83, 93 (1999). Because a defendant must satisfy both prongs of the *Strickland* test, the failure to satisfy either element precludes a finding of ineffective assistance of counsel. *People v. Lemke*, 384 Ill. App. 3d 437, 447 (2008).

When damage to government-supported property exceeds $500, but does not exceed $10,000, the crime is a Class 3 felony, but when the damage is $500 or less, it is a Class 4 felony. 720 ILCS 5/21—4(1) (West 2008). The parties do not dispute that the police vehicle fell under the definition of government-supported property. 720 ILCS 5/21—4(1)(a) (West 2008) (government-supported property includes any property supported in whole or in part with state funds, funds of a

unit of local government or school district, or federal funds administered or granted through state agencies).

In civil cases, the "reasonable cost of repairs" is a proper measure of damage to personal property that is repairable. *People v. Carraro*, 77 Ill. 2d 75, 80 (1979). Thus, by analogy, our supreme court has held that, when determining the amount of criminal damage to property, "the cost of repairs necessitated by a defendant's conduct is an accurate indication of the damage suffered by the victim and is therefore a proper method by which to determine the defendant's criminal responsibility." *Id.*

We are unable to find any cases, either in Illinois or outside of it, that directly address the effect of wrongly charged sales tax on a determination of the amount of damage to property. One jurisdiction has held that sales tax was properly included, but in that case, the sales tax was also not wrongly charged. Instead, it was properly paid as an unavoidable cost of the repairs. *State v. Gilbert*, 902 P.2d 182, 183 (Wash. Ct. App. 1995). However, in contexts other than damage to property, courts have held that sales tax should not be included in the calculation of value for purposes of determining the level of criminal conduct. See, *e.g., Tunnell v. State*, 659 P.2d 898, 899 (N.M. 1983); *State v. Adams*, 529 N.E.2d 1264, 1266-67 (Ohio 1988).

In *Adams*, the defendant was charged with receiving stolen property valued at $300 or more. The property, a radar detector, had a list price of $295, but the replacement cost was $311.23 when sales tax was included. The Ohio Supreme Court determined that it was improper to include sales tax in the determination of the value of the property. Observing that sales tax is subject to numerous exemptions, the court determined that including it in the calculation of the value of property for purposes of establishing the degree of a theft would violate a state constitutional provision that

required uniform operation of laws. Otherwise, a defendant accused of stealing an item from an entity subject to sales tax could be subject to a felony, while a defendant who stole the same item from a tax-exempt entity could be convicted of only a misdemeanor. *Adams*, 529 N.E.2d at 1266-67. (We do not have the same state constitutional provision in Illinois.) In *Tunnell*, the court held that, in cases of retail theft, sales tax is not to be included in determining the value of the item that was stolen. The court reasoned that the retail theft of an item is not an event that triggers the imposition of sales tax. See *Tunnell*, 659 P.2d at 899.

Despite the lack of case law directly on point, one thing is clear—the cost of repairs should take into consideration only amounts that are reasonable, and a sales tax that is not owed is not a reasonable cost of repairs. Because challenging the sales tax here could have resulted in a lower class of offense, we agree with Vega that his attorney's representation fell below an objective standard of reasonableness when he failed to timely discover the matter and raise it at trial. Further, there is a reasonable probability that, but for the error, the sales tax would have been excluded and the result of the proceeding would have been different. Accordingly, we determine that Vega's counsel was ineffective and we reverse and remand for a new trial.

Vega asks that we apply the plain-error doctrine and reduce the degree of his offense instead. However, it is not clear from the record whether the police department actually paid an improper sales tax, and the parties have not developed the issue. Thus, we do not find plain error and instead remand for a new trial.

### III. CONCLUSION

Vega's counsel was ineffective when he failed to timely discover and raise the issue of the inclusion of sales tax in the determination of the cost of repairs. Accordingly, the judgment of the circuit court of Winnebago County is reversed and the cause is remanded for a new trial.

Reversed and remanded.