2020 IL App (2d) 190041
No. 2-19-0041
Opinion filed December 29, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-1514 |
| CHRISTINE CHAMBERS, | ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justices Schostok and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a jury trial in the circuit court of Kane County, defendant, Christine Chambers, was found guilty of criminal damage to property in excess of $500 but not exceeding $10,000 (720 ILCS 5/21-1(a)(1), (d)(1)(F) (West 2016)). Defendant argues on appeal that the State failed to prove the dollar amount of the damage beyond a reasonable doubt. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     At trial, the State presented evidence that, on July 25, 2017, defendant "keyed" a Chevrolet Tahoe (*i.e.*, used a key to scratch its finish) in the parking lot of the Dutch Inn West in Elgin. The vehicle belonged to Mary Beth Martinez. Mark Roth testified that he was the owner and operator of Dundee Collision, an automobile repair shop. He had been working on cars for 35 years and

had been with Dundee Collision for 22 years. He testified that, when customers visit the shop for service, they are given a written estimate of the repair cost, including parts, labor, and taxes on all parts and materials. Roth identified People's exhibit No. 4 as a written estimate that he prepared for the cost of repairing the Tahoe. Roth testified that he examined the damage to the Tahoe's right front fender and that he estimated the cost of repair to be $624 including approximately $12 in tax. Roth testified on cross-examination that he did not repair the vehicle and was unaware whether anyone else had. He acknowledged that, if the vehicle had been taken to different repair shops, those shops might have given different estimates. Roth testified that "[e]veryone uses a different system as far as estimating."

¶ 4                                                  II. ANALYSIS

¶ 5     We review the sufficiency of the evidence under the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979), as adopted by *People v. Collins*, 106 Ill. 2d 237 (1985): when a reviewing court decides a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* at 261 (quoting *Jackson*, 443 U.S. at 319). The reviewing court should not substitute its judgment for that of the trier of fact on questions of credibility and the weight to be afforded to the evidence. *People v. Sutherland*, 155 Ill. 2d 1, 17 (1992).

¶ 6     Defendant was charged with violating section 21-1(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/21-1(a)(1) (West 2016)), which provides:

> "(a) A person commits criminal damage to property when he or she:
>
> (1) knowingly damages any property of another[.]"

Pursuant to section 21-1(d)(1)(F) of the Code (*id.* § 21-1(d)(1)(F)), a violation of section 21-1(a)(1) is a Class 4 felony when the damage exceeds $500 but does not exceed $10,000. Defendant does not dispute the sufficiency of the evidence to establish that she knowingly damaged Martinez's Tahoe. The sole question is whether Roth's repair estimate was sufficient evidence that the damage to the vehicle exceeded $500. Defendant contends that it was not.[1]

¶ 7    Defendant acknowledges that, in *People v. Carraro*, 77 Ill. 2d 75, 80 (1979), our supreme court held that the reasonable cost of repair is an appropriate measure of the damage to property resulting from a criminal act. She cites *People v. Tidwell*, 33 Ill. App. 3d 232, 237 (1975), for the proposition that actual payment for repairs is admissible to show that the cost is reasonable. Defendant notes, however, that unlike here, the damaged property in *Carraro* was repaired and the owner was billed for the repair. Defendant recognizes that *Tidwell* "does not precisely address whether evidence of an estimate of the anticipated cost of repairs, in the absence of evidence that the repairs were actually made and attendant costs incurred, is sufficient to prove the element of the value amount of the damage to property." Nonetheless, she argues that *Tidwell* "implies that the reasonableness of the cost of the value of the damage caused by an accused cannot be proven

---

[1] "There was no discussion in the trial court as to whether Roth was qualified as an expert in the area of auto repair, and defendant does not challenge on appeal Roth's qualifications. Thus, we do not discuss whether expert testimony was necessary to support the repair estimate. See Ill. S. Ct. R. 701 (eff. Jan 1, 2011) (lay opinion cannot be based on scientific, technical, or other specialized knowledge); *People v. Roby*, 202 Ill. App. 3d 143, 146 (1990) (common knowledge that it would cost in excess of $200 to repair damage to steering column, electric door locks, and windows of luxury car)."

in the absence of repair of the damage and payment for it." The argument is incorrect; indeed it is a textbook example of the logical fallacy of denying the antecedent. See *In re Cumbess*, 960 F.3d 1325, 1335 (11th Cir. 2020). Thus, neither *Carraro* nor *Tidwell* supports defendant's argument that a repair estimate is insufficient to establish the dollar amount of property damage.

¶ 8    Defendant also cites *Wall v. Amoco Oil Co.*, 92 Ill. App. 3d 921 (1981), where the court refused to award damages for an automobile left inoperable due to the use of the defendant's oil. In *Wall*, the plaintiff gave the automobile to his son, who paid to have it repaired. *Id.* at 922. The court reasoned that "[the] repair bills incurred by [the plaintiff's] son in repairing the automobile *** were not shown to be expenses incurred by plaintiff and consequently cannot be considered as damages incurred by him." *Id.* at 923. The plaintiff also traded a truck that had been damaged by the use of the defendant's oil. *Id.* at 922-23. The court held that, because the plaintiff made no effort to repair the truck or to prove the diminution of its value due to the damage, he was not entitled to an award of damages. *Id.* at 923. The question of whether a repair estimate is sufficient proof of damages did not arise in *Wall*.

¶ 9    Another case cited by defendant, *Omni Overseas Freighting Co. v. Cardell Insurance Agency*, 78 Ill. App. 3d 639 (1979), is likewise inapposite. In that case, the court held that unpaid invoices for attorney fees were not evidence of the reasonableness of the fees. The court observed that "[w]hile a paid bill is considered *prima facie* proof of reasonableness [citations], there is no similar presumption in favor of unpaid bills." *Id.* at 645. The court noted that the invoices in question detailed the nature of the services but did not specify the number of hours billed or the hourly rates of the attorneys. Nor was there expert testimony to support the reasonableness of the bills. *Id.* The court in *Omni* had no occasion to consider whether a repair estimate was sufficient

evidence of the dollar amount of property damage. Moreover, the estimate here contained details that the invoices in *Omni* lacked.

¶ 10   Defendant's reliance on *People v. Vega*, 408 Ill. App. 3d 887 (2011), is also misplaced. In that case, we held that the defendant's attorney in a prosecution for criminal damage to government-supported property owned by Loves Park was ineffective where the dollar amount of damage was based on a paid repair bill but the attorney failed to discover that the bill included sales tax that Loves Park was exempt from paying. *Id.* at 890. There is simply no parallel between *Vega* and this case.

¶ 11   Defendant acknowledges that there are civil cases in Illinois permitting a party to establish the dollar amount of damage to property with an estimate of the cost of repair. See, *e.g.*, *Lucas v. Bowman Dairy Co.*, 50 Ill. App. 2d 413, 419 (1964). In *Lucas*, the plaintiff sought recovery for damage to a furniture store that occurred when a wheel detached from a truck and crashed through the store's window. The court held:

> "The cost of *** painting, papering and replacing glass *** is documented by 'estimates' from service men. While not as persuasive as it might be, we believe that this evidence, offered by a plaintiff with 33 years of experience in interior decorating, was sufficient to form a basis on which the jury could determine reasonable cost of restoring the building."
>
> *Id.*

Defendant argues that, although evidence that is "not as persuasive as it might be" might satisfy the burden of proof in a civil case, it cannot meet the higher burden of proof beyond a reasonable doubt in a criminal case. We disagree. As noted, when reviewing the sufficiency of the evidence to sustain a criminal conviction, we must view the evidence in the light most favorable to the prosecution. *Collins*, 106 Ill. 2d at 261 (citing *Jackson*, 443 U.S. at 319). We accept, for the sake

of argument, that some forms of evidence that will sustain a civil judgment might lack sufficient probative value to sustain a criminal conviction. However, were we to reverse a conviction whenever we concluded that the State's evidence was "not as persuasive as it might be," we would be ignoring the principle that the trier of fact is responsible for weighing the evidence.

¶ 12    Although it appears that no Illinois case has considered whether a repair estimate can satisfy the State's burden of proof of the dollar amount of damage in a prosecution for criminal damage to property, courts in other states have concluded that a repair estimate is sufficient.[2] See *People v. Fancher*, 984 N.Y.S.2d 174, 179 (App. Div. 2014) ("an auto body shop owner's estimate of the cost of repairing a vandalized pickup truck provided legally sufficient evidence that the damage exceeded $250, even though the repairs were never performed"); *Miller v. State*, 343 S.W.3d 499, 501-02 (Tex. App. 2011) (testimony of automobile dealership's service manager that an employee prepared a repair estimate containing a breakdown of costs of parts, labor, and supplies totaling $6300 was sufficient to establish "cost of repair" element in a prosecution for malicious mischief); *People v. Butler*, 894 N.Y.S.2d 307, 308 (App. Div. 2010) ("testimony of a witness who estimated that the cost of repairing the window was $1,024, and who testified that his estimate was based on his examination of the window and his 27 years of experience in repairing windows" was sufficient to sustain conviction of criminal mischief causing more than $250 in property damage); *Young v. State*, 848 P.2d 267, 271 (Alaska Ct. App. 1993) ("reasonable cost of repair is an acceptable measure of damage; estimates of repair costs are competent evidence of reasonable cost").

---

[2] Because there are no Illinois cases directly on point, we may consult cases from other states for guidance. *People v. Bensen*, 2017 IL App (2d) 150085, ¶ 30.

¶ 13   Defendant further contends that, because a significant portion of the estimated cost of repairing the vehicle was labor, the estimate was insufficient to prove that the Tahoe sustained damage in excess of $500. Defendant argues that "[i]t should be a matter of 'common knowledge' that a forecast of the time it will take to perform physical tasks is extremely subjective and dependent upon circumstances." The argument is unpersuasive. Defendant cites no authority that subjective evidence is insufficient to prove an element of the offense in a criminal case, and it is easy to think of examples to the contrary. For instance, there is often an element of subjectivity in a forensic pathologist's testimony as to cause of death. Yet the sufficiency of such evidence is routinely accepted in a homicide prosecution. Furthermore, it is significant that the estimate was almost 25% higher than the $500 threshold for a Class 4 felony conviction. Notwithstanding the subjective element of estimating labor costs, the trier of fact could reasonably conclude that an auto repair shop owner with decades of experience could make an estimate within that large a margin of error.

¶ 14   Finally, we note defendant's argument that Roth's estimate was insufficient because he acknowledged that another repair shop might arrive at a different estimate. However, speculation about a hypothetical alternative repair estimate is no basis for disturbing the jury's determination of the weight to give to Roth's estimate. We therefore conclude that the State proved beyond a reasonable doubt that the damage to the Tahoe exceeded $500.

¶ 15                                      III. CONCLUSION

¶ 16   For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 17   Affirmed.

---

**No. 2-19-0041**

---

| | |
|---|---|
| **Cite as:** | *People v. Chambers*, 2020 IL App (2d) 190041 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 17-CF-1514; the Hon. David P. Kliment, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd and Thomas A. Lilien, of State Appellate Defender's Office, of Elgin (Phyllis J. Perko, of Harlovic and Perko, of West Dundee, of counsel) for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Marilyn Hite Ross, State's Attorney, of Rockford (Patrick Delfino, Edward R. Psenicka, Adam Trejo, and Lawrence M. Bauer, of State's Attorneys Appellate Prosecutor's Office, of counsel, and Patrick Michaelis, law student), for the People. |

---